Argued March 17, affirmed April 20, rehearing denied May 11, 1920.

## SHEVCHUK v. KOTCHIK.*

### (189 Pac. 399.)

**Stipulations—As to Ownership of Lot Controls Allegations in Pleadings.**

1. Where a judgment was based on both pleadings and stipulation that the plaintiffs owned a certain lot, plaintiffs' ownership must be assumed, regardless of allegations or denials in the pleadings.

**Easements—Sewer Easement by Instrument not Recorded is not Binding on Purchaser Without Notice.**

2. In an action for damages for obstruction of a sewer, alleging defendants maintained a connection with plaintiffs' sewer on plaintiffs' land without authority, a writing by plaintiffs' grantor, giving defendants such authority, but not executed with the formality of a deed, was not entitled to record, and, not being recorded, the easement, right or equity ended with plaintiff's purchase, unless purchasers had notice of the easement, and the burden was on defendants to prove such notice.

**Appeal and Error—Discrepancy as to Plaintiff and Plaintiffs Ascribed to Clerical Errors.**

3. Where in the body of a complaint reference is sometimes made to "plaintiff," sometimes to "plaintiffs," and the briefs make no reference to these discrepancies, the difference will be ascribed to clerical errors.

From Multnomah: ROBERT G. MORROW, Judge.

---

*On the question of physical condition which will charge purchaser of servient estate with notice of easement, see note in 3 L. R. A. (N. S.) 418.                                   REPORTER.

Department 1.

This is an action for damages brought by Nazar Shevchuk and Millie Shevchuk, his wife, against Fred Kotchik and Anna Kotchik, his wife, on account of an alleged unlawful interference with and obstruction of a private sewer. There were no pleadings except a complaint and an answer. After the answer was filed, the plaintiffs moved for a judgment on the pleadings on the ground that the answer did not constitute a defense, even though all the allegations in the answer be accepted as true. The trial court concluded that the plaintiffs "were entitled to nominal damages for trespass," and rendered a judgment against defendants for nominal damages, together with costs and disbursements. The defendants appealed.

In the amended complaint, which was filed on November 12, 1917, it is averred that the "plaintiff" is the owner in fee simple of lot 2 in block 19, in Sellwood, in the City of Portland, and that the defendants own and reside on an adjoining lot. It is then alleged in the complaint that without the knowledge or consent of the "plaintiff," the defendants connected a sewer-pipe, leading from their premises, with a sewer-pipe owned and maintained by the "plaintiffs" on lot 2, and that the point of connection is within the boundaries of "plaintiff's" lot. In the complaint it is averred that refuse coming from the premises of the defendants often obstructed plaintiffs' sewer; that defendants are trespassers and that "by reason of said trespass and the obstruction of plaintiff's sewer-pipe" the plaintiff was compelled, during the years 1916 and 1917, to work 312 hours in removing the obstructions and cleaning out the sewer-pipe. After alleging that the

plaintiff demanded of the defendants, prior to the commencement of this action, that they remove "the afore-mentioned nuisance, in that they remove their sewer-pipe from the property of the plaintiff, but defendants refused, failed and neglected to do so," the complaint concludes with a demand for a judgment for $109.20, the alleged reasonable value of the work done by the plaintiff.

The answer denies all the allegations of the complaint, except the averment that plaintiff and his family reside on lot 2, and the allegation that the defendants own and reside on an adjoining lot. The answer also contains an affirmative defense and a counterclaim. In substance, the defendants say that on August 14, 1914, Kiril Barmatow, the husband of Anisa Barmatow, was "seized in fee simple of" lot 2, which lot is also known as 1705 East Eighth Street, and that on that date Kiril Barmatow in consideration of $10 granted unto Fred Kotchik a "permanent easement" to construct a sewer from defendants' dwelling, "across and upon" lot 2, and to connect it with the private sewer of Kiril Barmatow, and "said easement was so granted by" a writing which reads as follows:

"Portland, Oregon, August 15, 1914.

I, Kiril Barmatow, do hereby grant permission to Fred Kotchik to make connection to my private sewer at 1705 East Eighth Street for the sum of Ten Dollars ($10.00). This connection to be permanent, and he is to retain the use of it as long as he sees fit.

"(Signed) KIRIL BARMATOW.

"Witness: JOHN KOTCHIK."

The defendants aver that immediately after the execution of the writing they constructed a sewer, and connected it with the private sewer of Kiril

Barmatow. The defendants also allege that the plaintiffs are in the actual possession of lot 2, "claiming title thereto, by deed dated November 11, 1916, from said Anisa Barmatow to them as tenants by the entirety." The defendants aver that plaintiffs were negligent in the care of their sewer-pipe, and that they permitted it to become obstructed, causing the sewer of the defendants to overflow, to the damage of the defendants in the sum of $200, for which amount the defendants demand judgment against the plaintiffs.

AFFIRMED.  REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. C. A. Appelgren.*

For respondents there was a brief and an oral argument by *Mr. S. J. Silverman.*

HARRIS, J.—1. The printed abstract, filed by the defendants, contains a transcript of an affidavit made by the attorney for the defendants. This affidavit recites, among other things, that the judgment "given by the court" was based upon the pleadings and "the stipulation that Kiril Barmatow was the owner of the property, now belonging to plaintiffs on August 14th, 1914, * * and that plaintiffs were now the owners of said premises." In other words, the defendants themselves say that the trial judge based his ruling, not upon the pleadings alone, but upon the pleadings and a stipulation that the plaintiffs own lot 2; and therefore, we must assume, regardless of any allegations or denials in either of the pleadings, that the plaintiffs became the owners of lot 2 subsequent to the execution of the writing given by Kiril Barmatow to the defendants.

2. It is not necessary to decide whether the defendants acquired a mere license, or a permanent easement, from Kiril Barmatow; nor, if it be assumed that the defendants acquired an easement, need we attempt to ascertain whether the easement was appurtenant or in gross. For the purposes of this discussion, we may assume that, as between Kiril Barmatow and the defendants, the former granted to the latter an irrevocable right to connect with and maintain the connection with the sewer on lot 2.

' The plaintiffs, who were subsequent purchasers of lot 2, would not be bound by the assumed easement in the absence of actual or constructive notice of its existence. It makes no difference whether we say that the writing signed by Kiril Barmatow of itself created an easement, or whether we hold that it granted a mere license which, by reason of work done and expenditures made by the defendants, was converted into an irrevocable right or easement, for in either event it must be held that the defendants cannot prevail, even though it be assumed that the affirmative matter in the answer is true. The writing signed by Kiril Barmatow was not executed with all the formalities of a deed, and for that reason it was not entitled to be recorded; nor is it claimed that the writing was recorded. If the plaintiffs purchased with notice of an easement, then, of course, they took the land burdened with that easement; but if the plaintiffs purchased without notice, they did not take the land burdened with the easement: 19 C. J. 939, 940. The defendants concede that the plaintiffs as subsequent purchasers are the owners of the legal title to lot 2, and yet the defendants are attempting to fasten and attach to the land an easement or a right or an equity without

averring that the plaintiffs purchased with notice of the easement or right or equity. In the absence of notice to the plaintiffs, the easement or right or equity terminated contemporaneously with the purchase. This is not a suit in equity in which a *bona fide* purchase without notice is interposed as a defense. Whether or not the defendants have a present right depends upon whether or not the plaintiffs purchased with notice. The defendants have no right if there was no notice to the plaintiffs. The answer admits the maintenance of the sewer connection, but it fails to show that the connection is rightfully maintained. The answer admits the doing of an act which the defendants have no right to do, unless they show that the plaintiffs purchased with notice; and, not having alleged notice on the part of the plaintiffs, the defendants are found relying upon an answer which alleges a wrongful act: *Advance Thresher Co.* v. *Esteb,* 41 Or. 469, 477 (69 Pac. 447); 39 Cyc. 1778, 1783, and cases in note 3, including *Peterson* v. *McCauley* (Tex. Civ. App.), 25 S. W. 826.

3. In the complaint Nazar Shevchuk and Millie Shevchuk are named as plaintiffs. In the body of the complaint reference is sometimes made to "plaintiff" and sometimes to "plaintiffs"; and the judgment speaks of "the plaintiff." The briefs make no reference to these discrepancies, and we assume that these differences may be ascribed to mere clerical errors. The judgment appealed from is affirmed.        AFFIRMED. REHEARING DENIED.

BEAN, BENSON and BURNETT, JJ., concur.